IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  DISTRICT  OF  MASSACHUSETTS

UNITED STATES OF AMERICA

v.

YOHANNA BETANCES

No. 21-cr-10012

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America hereby opposes the Defendant's Motion to Modify

Conditions of Release (D. 42), as well as the Defendant's Motion to Clarify Order Granting

Modification of Pre-Trial Conditions (D. 47), which together request that this Court remove the

condition of home confinement.  As grounds for this opposition, the United States submits the

following.

### BACKGROUND

On September 17, 2020, the Defendant was arrested on a criminal complaint.  D. 3 and

D.6.  On January 12, 2021, a grand jury returned an indictment charging Betances with four felony

counts, including Conspiracy to Distribute 400 Grams or More of Fentanyl, in violation of Title

21, United States Code, Section 846 (Count 1) and Possession with intent to Distribute 400 or

more Grams of Fentanyl in violation of  Title 21, United States Code, Section 841 (Count 9).  As

the Court is aware from the Detention Hearing in this case, the government alleges that it found

the Defendant in possession of nearly 700 grams of fentanyl on the day that she was arrested.  The

government further alleges that the narcotics, together with large quantities of cutting agent and

two electronic scales, were found inside an apartment the Defendant shared with her family.

Following her arrest, the United States sought the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (a drug offense for which the maximum sentence is 10 years imprisonment) and 18 U.S.C. § 3142(f)(2)(A) (risk of flight).  Following the detention hearing, the Court held the Defendant while arrangements were made for bail.  D. 16.  On October 1, 2021 the Court denied the government's motion for detention but ordered home confinement as a condition of release.  D. 20.  While the order was not reflected on the papers, the Court also ordered an ankle bracelet for the Defendant.  See D. 32, Assented-To Motion To Modify Condition of Pre-Trial Release.  The bracelet was later replaced with a different form of electronic monitoring, which monitored the Defendant using a cell phone application.  See D. 33.

On March 10, 2021 the Defendant sought to modify conditions of release in advance of childbirth, by eliminating the requirement of electronic monitoring altogether.  D.42.  The government supported a 2 week suspension of electronic monitoring while the Defendant was hospitalized and recovering from surgery related to childbirth; but opposed the permanent elimination of the condition.  .D.42.  The Court allowed the Defendant's motion and eliminated the condition of electronic monitoring.  D 44.  On March 11, 2021, the Defendant sought further clarification of the Court's March 11, 2021 Order.  The Defendant seeks to eliminate the condition of home confinement entirely.  The Motion should be denied.

## ARGUMENT

Recognizing the severity of the charges faced by the Defendant, the Court imposed release conditions that restricted the Defendant to her residence except for "employment; education; religious services; medical, substance abuse, or mental health treatment, attorney visits, court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer…."  D. 20 at ¶ 7(p).  With the present motion, the Defendant

has put forth no reason why her current release conditions cannot accommodate childbirth or associated medical needs.[1]

Meanwhile, the Defendant remains a flight risk. She faces a ten year minimum mandatory sentence. As was demonstrated during the Detention Hearing, the Defendant's husband/partner lives in the Dominican Republic. When arrested the Defendant was in possession of a current Dominican Identification card. The Defendant spent most of 2020 in the Dominican Republic (January through September) with her family.

Accordingly, given the potential penalties in this case, the strength of evidence, the assignment of a trial date, and the Defendant's extensive ties to the Dominican Republic, the Government believes that the Defendant poses a substantial risk of flight. See United States v. Craft, 763 F.2d 402, 405 (11th Cir. 1985) (noting that setting a trial date "increases the chance that the defendant will be in custody all the sooner, and so, increases the principal/defendant's motivation to flee"); United States v. Rice, 2006 WL 1687749, at *2 (W.D. Ky. Jun. 19, 2006) (noting that "strong evidence against a person could increase their risk of flight because they believe they are likely to be convicted"); United States v. Caraballo, 47 F. Supp.2d 190, 192 (D. Puerto Rico 1999) (holding that the "defendant is a 'risk of flight' because defendant potentially face a life sentence and the risk of flight increases as the severity of potential sentence increases").

---

[1] To that end, the Government does not object to an amendment that explicitly permits medical care for the Defendant's children.

## **CONCLUSION**

For the above reasons, the United States respectfully requests that the Court deny the

Motion.


Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:

/s/ K. Nathaniel Yeager
K. NATHANIEL YEAGER
Assistant U.S. Attorney
(617)748-3100

Date:  March 12, 2021