IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  DISTRICT  OF  MASSACHUSETTS

UNITED STATES OF AMERICA

v.

YOHANNA BETANCES

No. 21-cr-10012

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE TO PERMIT TRAVEL

The United States of America hereby opposes the Defendant's most recent effort to Modify Conditions of Pre-Trial Release To Permit Travel (D.68)(the "Motion"), which requests permission for the Defendant  to travel to the Dominican Republic with her youngest children for the Christmas holiday.  As grounds for this opposition, the United States submits the following.

### BACKGROUND

On September 17, 2020, the Defendant was arrested on a criminal complaint.  D. 3 and D.6.  On January 12, 2021, a grand jury returned an indictment charging Betances with four felony counts, including Conspiracy to Distribute 400 Grams or More of Fentanyl, in violation of Title 21, United States Code, Section 846 (Count 1) and Possession with intent to Distribute 400 or more Grams of Fentanyl in violation of  Title 21, United States Code, Section 841 (Count 9).  As the Court is aware from the Detention Hearing in this case, the government alleges that it found the Defendant in possession of nearly 700 grams of fentanyl on the day that she was arrested.  The government further alleges that the narcotics, together with large quantities of cutting agent and two electronic scales, were found inside an apartment the Defendant shared with her family.

Following her arrest, the United States sought the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (a drug offense for which the maximum sentence is 10 years

imprisonment) and 18 U.S.C. § 3142(f)(2)(A) (risk of flight).  After a detention hearing, the Court held the Defendant while arrangements were made for bail.  D. 16.  On October 1, 2021 the Court denied the government's motion for detention but ordered home confinement as a condition of release.  D. 20.  While the Order was not reflected on the papers, the Court also ordered an ankle bracelet for the Defendant.  See Assented-To Motion To Modify Condition of Pre-Trial Release, D. 32.  The bracelet was later replaced with  a curfew and a different form of electronic monitoring. D. 56.

On September 7, 2021 the Defendant filed an Emergency Motion To Modify Conditions of Pre-Trial Release, D. 64, which sought permission to "travel to the Dominican Republic for three days, without her children, to say her final goodbyes to her grandmother." D. 64 at 1.  The Court allowed the Motion.  D. 66.

The Defendant now seeks permission for holiday travel, from December 18, 2021 to January 4, 2022.  The case is scheduled for a final pre-trial conference three days after the Defendant proposes leaving the United States.  D. 50.  Trial is scheduled for January 19, 2022. The Motion should be denied.

## **ARGUMENT**

The Defendant remains a flight risk.  The above numbered Indictment names the Defendant in four counts, three of which carry minimum mandatory sentences (counts 1, 8, and 9). D. 28.[1] The combined drug weight for these offenses is in excess of 800 grams.  As such, the base offense level for the Defendant pursuant to USSG §2D1.1(c)(5) is 30.  Without acceptance of responsibility, the Defendant faces 97-121 months, with acceptance of responsibility, she faces 70-87 months.  Ms. Betances has not proffered.

---

[1] Count 8 carries a five-year minimum mandatory sentence.  Counts 1 and 9 each carry ten-year minimum mandatory sentences.

As the Court is aware, the Defendant's husband/partner lives in the Dominican Republic. When arrested the Defendant was in possession of a current Dominican Identification card.  The Defendant spent most of 2020 in the Dominican Republic (January through September) with her family.

Accordingly, given the potential penalties in this case, the strength of evidence, the immediacy of the trial date, and the Defendant's extensive ties to the Dominican Republic, the Government believes that the Defendant poses a substantial risk of flight.  See United States v. Craft, 763 F.2d 402, 405 (11th Cir. 1985) (noting that setting a trial date "increases the chance that the defendant will be in custody all the sooner, and so, increases the principal/defendant's motivation to flee"); United States v. Rice, 2006 WL 1687749, at *2 (W.D. Ky.  Jun. 19, 2006) (noting that "strong evidence against a person could increase their risk of flight because they believe they are likely to be convicted"); United States v. Caraballo, 47 F. Supp.2d 190, 192 (D. Puerto Rico 1999) (holding that the "defendant is a 'risk of flight' because defendant potentially face a life sentence and the risk of flight increases as the severity of potential sentence increases").

## <u>CONCLUSION</u>

For the above reasons, the United States respectfully requests that the Court deny the Motion.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:

/s/ K. Nathaniel Yeager
K. NATHANIEL YEAGER
Assistant U.S. Attorney
(617)748-3100

Date:  November 3, 2021