

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 23, 2024

Amy Barsky
William Fick
Fick & Marx LLP
24 Federal St. 4th Fl.
Boston, MA 02110

        Re: <u>United States v. Yohanna Madelenny Betances
            Criminal No. 21-CR-10012</u>

Dear Counsel:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Yohanna Madelenny Betances ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      At the earliest practicable date, Defendant will plead guilty to Counts One, Seven, Eight, and Nine of the Indictment: Conspiracy to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846, Distribution of and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (B)(1)(C), Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi), and Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi). Defendant expressly and unequivocally admits that she committed the crimes specified in Counts One, Seven, Eight, and Nine of the Indictment, did so knowingly and intentionally, and is in fact guilty of those offenses.

      2.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

<u>Counts One and Nine</u>: incarceration for a mandatory minimum of 10 years and up to life; supervised release for at least five years and up to life; a fine of $10 million; a mandatory special

1

assessment of $100 per count of conviction; and forfeiture to the extent charged in the Indictment.

Count Seven: incarceration for up to 20 years; supervised release for a mandatory minimum of 3 years and up to life; a fine of $1 million dollars; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Count Eight: incarceration for a mandatory minimum of 5 years and up to 40 years; supervised release for a mandatory minimum of 4 years and up to life; a fine of $5 million; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.   Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 27:

> a) Defendant's base offense level is 30, because at least 400 Grams but less than 1.2 Kilograms are attributable to Defendant (USSG §2D1.1(5)).
>
> b) Defendant's offense level is decreased by 3 points, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

The parties agree that, if (a) U.S. Probation determines that Defendant does not receive any

criminal history points; and if (b) both U.S. Probation and the United States determine that Defendant otherwise meets the criteria in Guideline § 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1.

Defendant will take the position that the Court should apply USSG § 5C1.2 and 18 U.S.C. § 3553(f) and impose a sentence without regard to the statutory mandatory minimum sentences that are otherwise applicable in this case. Defendant also will take the position that, pursuant to USSG § 2D1.1(b)(18), Defendant's offense level should be reduced by two levels. The U.S. Attorney will recommend applying USSG § 5C1.2 and 18 U.S.C. § 3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of USSG § 5C1.2(a)(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied § 5C1.2(a)(5). Defendant understands and acknowledges that, if the Court declines to apply USSG § 5C1.2 and 18 U.S.C. § 3553(f), Defendant will not receive an additional two-level reduction pursuant to USSG § 2D1.1(b)(18) but will receive a sentence at or above the statutory mandatory minimum term of imprisonment/supervised release.

    4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 60 months of supervised release;

    d) a mandatory special assessment of $400, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

    5.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant

3

has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

> a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and
>
> b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following

Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.  **Who is Bound by Plea Agreement**

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. **Modifications to Plea Agreement**

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney K. Nathaniel Yeager.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: *Rilwan Adeduntan*
RILWAN ADEDUNTAN
Chief, Narcotics and Money Laundering Unit

K. NATHANIEL YEAGER
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Yohanna Madelenny Betances
Defendant

Date: 07/25/2024

I certify that Yohanna Madelenny Betances has had this Plea Agreement read to Defendant in Defendant's native language and that we have discussed what it means. I believe Yohanna Madelenny Betances understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Amy Barsky
William Fick
Attorneys for Defendant

Date: 7/25/24

7

STATEMENT OF FACTS
United States v. Yohana Madelenny Betances
Criminal No. 21-cr-10012

In conjunction with Paragraph 1 of the letter dated July 23, 2024, between my attorneys Amy Barsky, Esq. and William W. Fick, Esq., and the United States Attorney for the District of Massachusetts, setting forth the agreement between myself and the United States Attorney for the above-referenced matter, I agree that I am guilty of the offenses to which I will plead guilty, and I represent that the following facts are true:

From at least March 2020 through September 17, 2020, I was involved in the conspiracy to distribute and to possess with intent to distribute fentanyl described in Count One the Indictment. I stipulate and agree that over the course of the conspiracy, I knowingly agreed with others to distribute and/or possess with intent to distribute at least 400 grams but less than 1.2 kilograms of fentanyl, and that these amounts were foreseeable to me and are reasonably attributable to me as relevant conduct for purposes of sentencing in this matter. In particular, I agree and stipulate that during the course of the conspiracy, including but not limited to August 14, 2020, September 3, 2020 and September 17, 2020, I agreed with others, including, Luis Migel Sanchez, to distribute and possess with intent to distribute, more than 852 grams of fentanyl.

I further stipulate and agree that as described in Count 7 of the Indictment, on or about August 14, 2020, I negotiated the sale of approximately 40 grams of fentanyl to a person that I believed to be a drug seeking customer. Thereafter, I instructed Luis Migel Sanchez to knowingly distribute approximately 39.67 grams of fentanyl to that same person.

I further stipulate and agree that as described in Count 8 of the Indictment, on or about September 3, 2020, I negotiated the sale of approximately 40 grams of fentanyl to a person that I believed to be a drug seeking customer. Thereafter, I instructed Luis Migel Sanchez to knowingly distribute approximately 44.9 grams of fentanyl to that same person.

I further stipulate and agree that as described in Count 9 of the Indictment, on or about September 17, 2020, I knowingly possessed approximately 769.114 grams of fentanyl with the intent to distribute that fentanyl to drug seeking customers.

_Yohana Betances_
Yohana Madelenny Betances
Defendant

Date: 07/25/2024